FÉLIX GARCÍA, Plaintiff and Appellant *v.* PALATINE INSURANCE Co., LTD., Defendant and Appellee.

No. 5903. Argued December 21, 1931.—Decided December 24, 1931.

*Pellón & Ayuso* for appellant. *J. Henri Brown, C. Ruiz Nazario,* and *G. González* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The principal ground of the motion for dismissal in this case is that the appellant failed to obtain a particular extension of time within which to file stenographer's notes. The certificate of the secretary of the district court shows that after having obtained previous extensions on the 26th of May, 1931, the stenographer of the district court applied for and obtained an extension of thirty days. As the month of May has thirty-one days, this extension expired on the

25th of June, 1931. On the 26th of June the stenographer applied for another extension which was granted, and so on successively.

Although the difference is only of a single day, yet under the repeated decisions of this Court the District Court of San Juan had no power to grant an extension as such inasmuch as the time had expired. *Belaval* v. *Córdova,* 21 P.R.R. 509; *Durán–Gallardo* v. *Coll,* 35 P.R.R. 105; *Claudio* v. *Ortiz,* 29 P.R.R. 404.

It makes no difference that some of the previous extensions were obtained well within the time allotted. If the court simply signed "as prayed" this indefiniteness under *Belaval* v. *Córdova, supra,* could not help appellant and the term in fact is made definite by reference to the request of the stenographer.

There was no attempt in this case to invoke section 140 of the Code of Civil Procedure either in the court below or in this Court. The extension granted on the 26th of June was in no sense an exercise of discretionary power. In *Mercado et al.* v. *Heirs of Ferreiro,* 26 P.R.R. 433, and other cases, this Court has decided that the stenographer is the agent of the appellant for the purpose of obtaining extensions of time, but he is not such an agent for the purpose of obtaining a new term. Even if the lower court had a discretion under section 140 of the Code of Civil Procedure—and this Court has held to the contrary in *Pardo* v. *Pardo,* 19 P.R.R. 1125 and *Díaz* v. *P. R. Rwy., Light & Power Co.,* 32 P.R.R. 89—this discretionary power, as we have held, was not invoked in this case.

The appellee also insisted that the appellant failed to comply with the order of the court below fixing the time for filing, as we understand it, an amended transcript of the evidence. However, once the transcript is duly filed with the court below the court then has a discretion as to when it will approve the same.

The appeal should be dismissed.